EDMANSON v. BEST.

(Circuit Court of Appeals, Seventh Circuit.    October 2, 1893.)

No. 40.

1. Judgment—Res Judicata

A judgment at law rendered upon an account stated is conclusive of the fairness of the account, since fraud in obtaining it could have been set up as a defense.

**2. SAME—COLLATERAL ATTACK—INJUNCTION.**

It would be no ground for enjoining collection of a judgment that the court refused to allow the defendant to show that the instrument sued on was obtained by fraud, since such ruling would be mere error, which would not affect the judgment on collateral attack.

**3. EQUITY—PRACTICE—NEW TRIAL AT LAW.**

A bill to restrain the collection of a judgment at law will not be treated as a petition for a new trial where the bill is not framed on that theory, and shows no ground for a new trial which complainant could not have presented as a defense to the action.

Appeal from the Circuit Court of the United States for the Northern District of Illinois.

Bill by George Edmanson against John L. Best to restrain the collection of a judgment. Decree for defendant. Complainant appeals. Affirmed.

Marcus Cavanagh and Allan C. Storey, (Gibbons, Cavanagh & O'Donnell, on the brief,) for appellant.

Nelson Monroe, (Jesse A. Baldwin, on the brief,) for appellee.

Before WOODS and JENKINS, Circuit Judges, and BAKER, District Judge.

WOODS, Circuit Judge. The bill in this case was dismissed for want of equity. Its object was to restrain the collection of a judgment at law, rendered in the court below, to cancel for fraud an agreement of settlement, upon which the judgment was based, and to obtain an accounting. The averments, in substance, are: That the complainant, Edmanson, had been engaged in buying and selling oysters in Chicago, at wholesale and retail, and had had the respondent, Best, in his employ as bookkeeper, cashier, and manager, in general control, entitled to receive in compensation for his services a stipulated sum per week and a percentage of the net profits of the business; that on July 9th, 1888, by means of false statements in respect to the amount of uncollectible claims, representing them as amounting to not more than $300, when in fact they amounted to $3,000 or more, the respondent procured the complainant to execute an agreement which, omitting date and signatures, is of the following tenor:

"It is hereby agreed between Geo. Edmanson and John L. Best that the following settlement is to day made, viz.: That John L. Best's balance to his credit and due him on July 1, 1888, is five thousand eight hundred and forty-eight dollars and seventy-nine cents, ($5,848.79,) and is correct, and is so considered by both parties to this agreement; any difference arising from former agreements is fully settled by this; and in consideration that Geo. Edmanson allows John L. Best percentage of profits, in addition to salary as agreed upon, to stand as credited on Geo. Edmanson's books, and will not charge back to John L. Best his percentage of loss as shown by balance sheet from January 1, 1888, to April 21, 1888, and that George Edmanson also hereby agrees not to charge back any percentage of bad debts to John L. Best. In consideration of which John L. Best agrees to waive his right to back salary, interest on money to his credit from time to time, and also to make no claim on George Edmanson for keep of George Edmanson's horses and cows, kept for his private use, the expense of which was charged up to barn account, and affected the profits of the business to the extent of said expense;"

That, instead of the sum stated in this agreement, there was in fact due the respondent, if anything, a very small sum; that in April, 1889, the respondent brought a suit at law against the complainant, in the court below, upon a declaration containing the common counts only, including an account stated, to which the complainant pleaded the general issue; that at the trial the only evidence adduced in behalf of the plaintiff was the agreement aforesaid; that the complainant offered evidence to show the true relations between the parties, and that the contract of settlement had been obtained by fraud, as charged, but that the court declared the defense inadmissible in the case at law, and available only in a court of equity, and on February 5, 1890, gave judgment against complainant for $3,933.39, and for the costs of suit, the amount of the recovery being made less, by reason of certain credits, than the sum stated in the agreement.

The answer sets up two defenses: First, the contract of settlement, which, it is alleged, was fairly made; and, second, the judgment at law, by which, it is claimed, the matter now sought to be disputed was adjudicated,—it being alleged that the evidence offered by the parties was substantially the same as that adduced before the master in this case, that it was received and considered by the court, and judgment given as stated.

The complainant replied in the usual form, and there was a reference to the master to take the evidence and report upon the issues. In his report the master, though he says he in no manner endeavored to enter into a full accounting between the parties, in fact made up a statement of account between them by which it appeared that the amount named in the settlement agreement as due the respondent was too large by $2,001.22; but, treating that as a partial want of consideration for the agreement, he reported that "the proof, neither in this case nor in the case at law, made out the defense of fraud or circumvention;" that the same evidence, substantially, was adduced in the law case upon the question whether the settlement was procured by fraud, as has been offered in this case; and that, in the opinion of the master, the judgment at law is conclusive upon that question.

Though it was competent and necessary for the master to inquire into the accounts and books of Edmanson in order to determine whether or not the contract of settlement was procured by means of false representations in respect to those books and accounts, it was no part of his duty to state an account between the parties, and especially an incomplete one, which ignored the basis upon which the contract of settlement by its terms appeared to have been made; and the court committed no error in sustaining an exception to that part of the report.

It is not now an open question whether the settlement between these parties was fair, or was brought about by false and deceitful means. We agree with the court below that the question was lawfully tried and determined in the case at law and is not open to reconsideration by a court of equity. Though the declaration in

the suit at law made no mention of the contract of settlement, it was competent for the plaintiff in the action to introduce it, as he did, in proof of his demand, (Chit. Pl. 341; Packet Co. v. Sickles, 24 How. 342; Wilson v. King, 83 Ill. 236;) and the instrument not being under seal, and, under the Illinois practice, even though it had been under seal, the defendant had the right to show in defense, as he attempted to do, that it was obtained by fraud or was without consideration, (Greenl. Ev. § 135; Wilson v. King, supra.) The issue having been made and tried in that way, the judgment rendered became conclusive until set aside by the court which rendered it or by an appellate court. It is not material that the defense was of such a nature that, if the question were open, there might be ground for a suit in equity. It was a proper defense to the action at law, and, having been interposed and determined, the judgment is conclusive proof that the fraud attempted to be proved was not committed. While the relief obtainable in equity, if the fraud were proven, would be broader than the mere establishment of a defense in the action at law, the law court was quite as competent as a court of equity to try the question of fact; and, it having been so determined that there was no fraud, the question of the extent of relief obtainable in another court if the fraud were provable is immaterial. If it were true, as asserted, that the court held that the defense could not be made at law, that was an error upon which the complainant should have asked a new trial, and, if necessary, should have taken a writ of error. The record, however, shows no such decision, and the proofs and the master's report are to the contrary.

It is further insisted that the bill should be treated as a petition for a new trial, filed within time, under section 987, Rev. St. U. S. The bill manifestly was not framed upon that theory, and is defective because it shows no ground for a new trial which was not available, or which the complainant was prevented by fraud or accident from presenting, as a defense in the case at law. Story, Eq. Jur. §§ 887, 1574, and notes.

The decree below should be affirmed, and it is so ordered.